MAXWELL v. The BROTHERS and The LADY FRANKLIN. See Case No. 1,969.

## Case No. 9,323.

MAXWELL et al. v. CALL et al.

[2 Brock. 119.][1]

Circuit Court, D. Virginia. Nov. Term, 1823.

REAL PROPERTY—DEVISE—ISSUE—RULE OF PERPETUITIES.

A testator devises his estate to his four brothers and sisters, and to their children; but if "they should all die without leaving any issue of the body of either of them alive at the

time of the death of the survivor of them; or if such issue should all die before attaining the age of twenty-one years aforesaid, then I desire, &c." The term "issue" comprehends as well the more remote descendants as the children of the devisees, and, consequently, the remainder over is too remote, being limited to take effect on a contingency which may not happen during a life in being, and twenty-one years afterwards.

[This was a bill in equity by Maxwell and others against Call, executor of Means, and others.]

MARSHALL, Circuit Justice. This suit is brought on the chancery side of this court, for one moiety of the residuary estate of Robert Means, deceased, which the plaintiffs claim under his will. The testator directs his whole estate to be sold, and the proceeds to be invested in stock, at the discretion of his executors. After several legacies, he directs the residue to be divided into four equal parts, and gives the dividends or interest of one of the said parts to his sister, Nancy Maxwell, during her life, and after her death, he gives the principal of the said fourth part to all and every of the children of the said Nancy Maxwell who may attain to the age of twenty-one years. In case of infancy, the children to be maintained on the dividends; but if the said Nancy Maxwell should die without leaving any issue of her body alive at the time of her death, or all such issue of her body should die before attaining to the age of twenty-one years, then he gives the principal of the said fourth part in the same manner, and to the same persons, as the other three-fourths are given. The other three-fourths are given—one to his brother, William Means, for life, and afterwards to his children; one to his brother, George Means, for life, and afterwards to his children; and the other to his sister, Elizabeth Means, for life, and afterwards to her children, in the same words as are used in the bequest to Nancy Maxwell and to her children. Then comes the following clause: "But if the said Nancy Maxwell, William Means, George Means, and Elizabeth Means, should all die without leaving any issue of the body of either of them, alive at the time of the death of the survivor of them, or if such issue should all die before attaining the age of twenty-one years, as aforesaid, then I desire the said stock to be divided into three equal parts, to be disposed of as follows, &c."

Nancy Maxwell, in the will mentioned, is dead, leaving the complainant, W. M. Maxwell, her only child, who has attained his age of twenty-one years. George and William Means died intestate, and without issue, in the lifetime of Nancy Maxwell. Elizabeth Means intermarried with William Ker, who is since dead. She is a plaintiff in the bill, and the infant plaintiff, Robert Ker, is her only child. The complainant, William M. Maxwell, claims two-fourths of the said stock, and prays that a moiety of

the lands may be conveyed to him, instead of its remaining in the hands of the executor, to be sold as directed in the will. He contends that, on his attaining his age of twenty-one years, and the death of his mother, his rights became absolute by the happening of the contingency on which the legacy was to vest, and that he is also entitled to one moiety of the shares of George and William Means immediately, and to the whole property, should Elizabeth then die without leaving any child alive, or should that child die before attaining his age of twenty-one years. If this be not the proper construction of the will, he insists that the limitation over is too remote, and therefore void. The executor resists this claim, and contends that the limitation over is not too remote, and that nothing vests absolutely in the legatees until the death of Elizabeth Ker, who is the survivor of the four legatees for life.

Considering the bequests to the children of each of the testator's brothers and sisters separately, without taking into view the effect which the ultimate limitation in remainder may have on them, it is very clear that the portion allotted to the children of Nancy Maxwell, would vest absolutely in the plaintiff, William M. Maxwell. His mother is dead; he is her only child; and he has attained his age of twenty-one years. The contingencies mentioned in this part of the will have all happened, and the title of William M. Maxwell to one-fourth of the fund is complete, so far as it depends on this part of the will.

The legacies to the children of George and William Means can never take effect, they having both died without issue. It becomes, therefore, necessary to inquire, whether the two-fourths devised to the children of these two brothers be disposed of during the life of the survivor of the testator's sisters, in the clause which gives the whole property over, if there be no issue of any of the brothers and sisters living when that event takes place, or whether there be an intestacy for that time. And in making this inquiry, the court will also consider the influence which this clause may have on the preceding bequests. The words are: "But if the said Nancy Maxwell, George Means, William Means, and Elizabeth Means, should all die without leaving any issue of the body of either of them alive at the time of the death of the survivor of them, or if such issue should all die before attaining the age of twenty-one years, as aforesaid, then I give the said stock, &c." It is very clear, that this limitation over must take effect with respect to the whole property at the same time, and on the happening of the same event. No interest can vest in the remainderman under this clause, in the stock devised to the children of George and William, until it also vests in the stock devised to Nancy Maxwell and Elizabeth Means. It is entirely unimportant whether these words

create cross remainders among the four families of the legatees until the death of the survivor, and the happening of the contingency on which the ultimate limitation is made to depend, or the testator is intestate until that contingency happens, with respect to those two-fourths, because the property passes for that time to the plaintiffs, under either construction. The real and only inquiry is, as to the effect of the last clause on the whole of the property in any event which can now happen.

The interest is given to Nancy Maxwell for her life; the principal is given to such of her children as may attain to the age of twenty-one years. If the clause stopped here, the remainder would vest in any child who should attain the age of twenty-one, to open and let in others who should afterwards attain that age. The will proceeds: "But if the said Nancy Maxwell should die without leaving any issue of her body alive at the time of her death, or all such issue of her body should die before attaining to the age of twenty-one years," then the property is given over. The word "issue" is known to comprehend, in its usual sense, all issue to the latest time. Nancy Maxwell is not dead without issue of her body, although she may have no child living, so long as any of her descendants in the direct line remain. Is there any thing in this will to confine the meaning of the term to children? I think there is nothing. The will is penned with great attention to technical language, and it is not to be presumed that technical terms are used without a knowledge of their meaning, and an intention to use them in their legal sense. The term "children" is abandoned in this part of the will for "issue," because the latter word conveyed the meaning of the testator. If he intended that, if Nancy Maxwell should have children who should die under twenty-one, leaving children, those last mentioned children should represent their parent, and take the property given to her, he has used the very words which would produce that effect. No intent is discovered by the words of the will, or in the relations of the parties, to alter the legal construction of these words.

I proceed next to consider the last clause. "But if the said Nancy Maxwell, George Means, William Means, and Elizabeth Means, should all die without leaving any issue of the body of either of them alive at the time of the death of the survivor of them, or if such issue should all die before attaining the age of twenty-one years, as aforesaid, then I desire, &c." The word "issue" is unquestionably used in this clause in the same sense in which it is used in the particular bequests to the children and families of each of his brothers and children. If, on the death of the survivor of his brothers and sisters, there should be no child of either of them living, but should be grandchildren, they would not all be dead without

issue, and the remainder would not take effect. The only difficulty I have ever felt in the case remains to be considered. It depends on the meaning of the words, "if such issue should all die before attaining the age of twenty-one years." Does the word "such" restrict the issue which may take to those which are living at the death of the survivor, or may the issue of such issue take? If, for example, on the death of Elizabeth Ker, the survivor of the testator's brothers and sisters, the issue of all of them should be under the age of twenty-one years; if no one of the issue then living should attain the age of twenty-one, but should leave issue that do attain that age, would such issue take? Or would the property pass to those in remainder? According to a literal interpretation of the words, it would pass to those in remainder; but I think the will discloses enough to show that this was not the intent of the testator. Three of his brothers and sisters had no children, certainly, at the date of the will. The testator, therefore, could have no affection for them, but as the descendants of his brothers and sisters. In this view, his desire to provide for them would extend to the whole family, and not be limited to their children, or to such issue as might happen to be living at the death of the survivor, to the exclusion of those who might be born afterwards. He obviously prefers all the descendants of his brothers and sisters to the more remote relations who are the remaindermen. To provide for those descendants, per stirpes, is his primary object. The provision for the more remote relations, is postponed till the extinction of the issue of his brothers and sisters. This primary intent, I think, though with some doubt, must prevail, and if all the issue alive at the death of the survivor should be under age, and should die under age, leaving that issue, I think such issue would take. If I am correct in this, the remainder is too remote, because it is limited to take effect on a contingency which may not happen during a life in being, or twenty-one years afterwards.

If I am correct in this, the plaintiffs are entitled, and I perceive no objection to directing a conveyance of the lands, instead of leaving them to be sold by the executor, it being understood, that the terms on which such conveyance shall be made, are adjusted between the parties.

————

MAXWELL (CARNES v.). See Case No. 2,417.

MAXWELL (CHRIST v.). See Case No. 2,698.

MAXWELL (CORKLE v.). See Case No. 3,231.

MAXWELL (CRAIG v.). See Case No. 3,334.

MAXWELL (CROOKE v.). See Case No. 3,413.